UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

VICTOR FLORES,

Plaintiff,

v.

ANOKA COUNTY, SHERIFF PODANY, LT. PACHOLL, SGT. HENRICKSON, CORPORAL POSPISIL and seven unknown defendants.

Defendants.

Civil No. 01-1895 (JRT/ESS)

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Federal Correctional Institution in Waseca, Minnesota, has filed a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983." (Docket No. 1.) He claims that his rights under the Constitution and international treaties were violated when he was previously incarcerated at the Anoka County Jail in Anoka, Minnesota. The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to § 1915A(b).

[1] Plaintiff did not tender the required filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 3.) By order dated October 17, 2001, (Docket No. 4), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, and the matter is therefore ripe for initial screening pursuant to § 1915A.

DEC 12 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. BACKGROUND

Plaintiff alleges that while he was confined in the Anoka County Jail, (for reasons he has not disclosed), he attempted to speak with attorneys at the Mexican Consulate, but was denied the opportunity to do so. He claims that his rights under the "Vienna Convention Counsular [sic] Relations" were violated, because he was not allowed to have "uncensored" conversations with attorneys at the Mexican Consulate. He further claims that this alleged violation of his rights caused him "pain, anguish and mental suffering." (See "Motion In Support Of 42 U.S.C. § 1983," [Docket No. 2], p.2.)

Plaintiff is presently suing Anoka County, plus four individuals identified only as "Sheriff Podany, Lt. Pacholl, Sgt. Henrickson, and Corporal Pospisil," and "seven unknown defendants." He is asking for a judgment that would require "the Anoka County Jail [to] program the Mexican Consulate phone numbers into the jail computer in order for the calls to be uncensored." He is also seeking "actual, compensatory, continuing, exemplary and pecuniary damages in the combined amount of 5.5 million [dollars]."

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a government entity and (apparently) government employees, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading is "frivolous" or fails to state a legally cognizable claim,

the action must be dismissed. 28 U.S.C. § 1915A(b)(1). The Court finds that the present action must be summarily dismissed in its entirety pursuant to § 1915A(b), because Plaintiff has not stated any cause of action on which relief can be granted.

To state a claim under 42 U.S.C. § 1983, as Plaintiff apparently is attempting to do here, a complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federally-protected rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution or federal law. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). Thus, in order to state a cognizable § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federally-protected rights.

In this case, Plaintiff's complaint fails to state an actionable § 1983 claim against any of the named Defendants, because it does not allege any facts describing any specific wrongful conduct by any of them. There are no factual allegations showing what, specifically, each individual Defendant is accused of having personally done, or failed to do, that could have violated Plaintiff's rights.

Plaintiff cannot contend that he was unaware of the need to include factual allegations describing the specific wrongful acts or omissions of each named Defendant, because the form he used to prepare his pleading specifically advised him to set forth a summary of the "facts" on which his claims are based, and directed him to "[d]escribe how each individual defendant is personally involved, including dates, places and specific wrongful acts or omissions of each defendant." (Complaint, § IV; emphasis in the original form.) Despite this instruction, Plaintiff's "statement of claim" does not include any allegations attributing any specific act or omission to any named Defendant. In fact, none of the individual Defendants is even mentioned anywhere in the "statement of claim" section of the complaint, or in the accompanying "Motion In Support Of 42 U.S.C. § 1983." Plaintiff has therefore failed to state a claim on which relief can be granted against any of the named Defendants.[2]

Furthermore, to the extent that Plaintiff is seeking injunctive relief, his claims have become moot, because he is no longer incarcerated at the institution where his rights allegedly were being violated. Martin v. Sargent, 780 F.2d at 1337 (prisoner claims for injunctive relief rendered moot by transfer to a different institution); Hickman v. Missouri,

---

[2] The Court further notes that Plaintiff may be attempting to sue Defendants Anoka County and/or Sheriff Podany based on the theory of respondeat superior. In other words, Plaintiff may be seeking relief against those parties for some alleged violation of his rights by one or more of their employees or subordinates. It is well-settled, however, that respondeat superior does not apply to § 1983 actions. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Therefore, if Plaintiff is attempting to sue either Anoka County or Sheriff Podany based on something that allegedly was done (or not done) by an employee or subordinate, those claims must be dismissed for an additional reason -- namely because those Defendants cannot be held vicariously liable under § 1983 for the alleged misdeeds of their employees or subordinates.

144 F.3d 1141, 1142 (8th Cir. 1998) (§ 1983 claims for injunctive relief based on prison conditions are rendered moot by inmate-plaintiff's release from prison); see also Randolph v. Rodgers, 253 F.3d 342, 344-46 (8th Cir. 2001) (dismissing prisoner's claims for injunctive relief against prison officials where the prisoner was no longer residing at the penal facility where those prison officials worked).

To the extent that Plaintiff is seeking money damages, it appears that all of his claims are barred by 42 U.S.C. § 1997e(e), which provides that:

> "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury, suffered while in custody, without a prior showing of physical injury."

In this case, Plaintiff appears to be seeking damages only for alleged mental or emotional injury, unrelated to any physical injury, and thus his money damage claims appear to be barred by § 1997e(e).

## III. CONCLUSION

For all the reasons discussed above, the Court concludes that Plaintiff's complaint fails to state a claim on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).[3]

It will also be recommended that Plaintiff's IFP application be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable

---

[3] As previously mentioned, Plaintiff has filed a document entitled "Motion In Support Of 42 U.S.C. § 1983." (Docket No. 2.) That document appears to be merely a supplement to Plaintiff's complaint, and has been treated by the Court as such. Nevertheless, it will be recommended, for the record, that this so-called "motion" be denied, because Plaintiff has failed to state any actionable § 1983 claim.

for the unpaid balance of the $150 filing fee.[4] He has paid only $17.00 so far, so he still owes the Clerk of Court $133.00. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the Court recommends that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 3), be **DENIED**;

2. Plaintiff's "Motion In Support Of 42 U.S.C. § 1983," (Docket No. 2), be **DENIED**;

3. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

4. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $133.00, as prescribed by 28 U.S.C. § 1915(b)(2); and

---

[4] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

5. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: December 12, 2001

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.