**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

VICTOR FLORES,

Plaintiff,

v.

ANOKA COUNTY,
SHERIFF PODANY,
LT. PACHOLL,
SGT. HENRICKSON,
CORPORAL POSPISIL,
and seven unknown defendants,

Defendants.

Civil No. 01-1895 (JRT/ESS)

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

---

Victor Flores, #08707-041, Federal Correctional Institution, Box 1500, Waseca, Minnesota, *pro se.*

Plaintiff, an inmate at the Federal Correctional Institution in Waseca, Minnesota, brings this action *pro se* against Anoka County, four individually-named defendants and seven unknown defendants for violation of his civil rights under 42 U.S.C. § 1983. Plaintiff alleges that while he was incarcerated at the Anoka County Jail in Anoka, Minnesota, he was denied uncensored conversation with attorneys at the Mexican consulate in violation of Article 36 of the Vienna Convention on Consular Relations, 21 U.S.T. 77 (1963), as well as the Fifth and Sixth Amendments. He seeks injunctive relief

FILED ______________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ______________
DEPUTY CLERK ______________

and also asks for "actual, compensatory, continuing, exemplary, and pecuniary damages in the combined amount of $5.5 million."

This matter is before the Court on plaintiff's objections to the report and recommendation of United States Magistrate Judge E. Skipworth Swearingen dated December 12, 2001, recommending that plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim on which relief can be granted. The Magistrate Judge also recommends that plaintiff's application to proceed in forma pauperis be denied, that he remain liable for the balance of the filing fee, and that dismissal of this action count as a "strike" against plaintiff for purposes of 28 U.S.C. § 1915(g). The Court has conducted a *de novo* review of plaintiff's objections pursuant to 28 U.S.C. § 626(b)(1)(C) and D. Minn. L.R. 72.1(c)(2). For the reasons set forth below, the Court adopts the Report and Recommendation.

## BACKGROUND

Plaintiff is currently incarcerated at the Federal Correctional Institution in Waseca, Minnesota. He is serving a federal sentence of 78 months for conspiring to distribute marijuana and methamphetamine in violation of 21 U.S.C. § 846. *United States v. Flores*, 99-CR-54 (JRT/FLN). This civil action, however, involves actions that occurred while plaintiff was detained in the Anoka County Jail. He alleges that, while incarcerated there, he attempted numerous times to speak with attorneys at the Mexican consulate without censure by the Anoka County Jail. He claims that his inability to have "uncensored" communications violated his rights under the "Vienna Convention Consular Relations."

On December 12, 2001, the Magistrate Judge recommended that the action be dismissed under the preliminary screening procedures for prisoner civil rights complaints set forth in 28 U.S.C. § 1915A for failure to state a claim on which relief can be granted. The Magistrate Judge analyzed plaintiff's claim under the requirements of 42 U.S.C. § 1983, as this was the most apparent statutory basis for the allegations. The report concluded that plaintiff's complaint fails to state an actionable § 1983 claim against any of the named defendants because it does not allege any facts describing any specific wrongful conduct by any of them. The Magistrate Judge further explained that even if the plaintiff made a cognizable § 1983 claim, plaintiff's request for injunctive relief was made moot by his transfer to another facility and his request for monetary relief was barred by 42 U.S.C. § 1997e(e), which requires that prisoners show physical injury in order to bring mental or emotional injury claims.

Plaintiff filed objections to the report and recommendation, contending that his § 1983 claim contains adequate specificity to state a claim, that he "is not claiming injunctive relief" and that he retains standing to bring a claim for monetary damages. He also contests the Court's jurisdiction to request payment of a partial filing fee and asks that the Magistrate Judge recuse himself due to "proven bias and prejudice." Finally, plaintiff asserts that his rights under Article 36 of the Vienna Convention were violated, and that there is an individual enforcement right under the Convention as well as § 1983.

## DISCUSSION

### I. 28 U.S.C. § 1915A

Since plaintiff is bringing a civil action against a governmental entity and its employees, the Prison Litigation Reform Act ("PLRA") of 1995, 28 U.S.C. § 1915A, requires a preliminary screening of the pleadings in order to determine which aspects of the pleadings are actionable and should be allowed to proceed. Any aspects that are either "frivolous," fail to state a legally cognizable claim, or seek monetary relief from a defendant who is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b)(1)-(2). Although courts generally view pro se pleadings liberally, the complaint must allege facts, which if true, state a legal claim. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Conclusory pleadings are to be dismissed. *Id.*

Upon review of the record, the Court concludes that, even if plaintiff could state a cognizable claim under Article 36 of the Vienna Convention or § 1983, plaintiff's complaint must be dismissed because neither the injunctive or monetary relief he seeks are available to him. In his prayer for relief, plaintiff requests that "the Anoka County Jail program the Mexican Consulate phone numbers into the jail computer in order for the calls to be uncensored." He further requests that the Court award him "actual, compensatory, continuing, exemplary and pecuniary damages in the combined amount of $5.5. million." Complaint at 4.

As a prisoner transferred to a different institution from the one where his rights were allegedly violated, plaintiff's claim for injunctive relief against Anoka County and its employees is rendered moot and is therefore barred. *Martin v. Sargent*, 780 F.2d

1334, 1337 (8th Cir. 1985) ("a prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions."); *Randolph v. Rogers*, 253 F.3d 342, 344-46 (8th Cir. 2001) (dismissing prisoner's claims for injunctive relief against prison officials where the prisoner was no longer residing at the penal facility where those officials worked); *Wycoff v. Brewer,* 572 F.2d 1260, 1262 (8th Cir. 1978); *Williams v. Moore,* No. 92-1318, 1992 WL 120398 at *1 (8th Cir. June 5, 1992) (unpublished opinion).

Plaintiff's request for monetary relief is also barred by 42 U.S.C. § 1997e(e). The PLRA provides that no relief is available to prisoners whose alleged mental or emotional injuries are unrelated to physical injury:

> No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody, without a prior showing of physical injury.

42 U.S.C. § 1997e(e). Since plaintiff alleges no physical injuries in this claim, monetary damages are not available to him. *Smith v. Spath*, No. 99-1546, 1999 WL 314116 at *1 (8th Cir. May 17, 1999) (unpublished opinion) (dismissing action under 42 U.S.C. § 1983 alleging Fourteenth Amendment due process violation in failing to correct a clerical error in plaintiff's sentencing order for failure to allege any physical injury under 42 U.S.C. § 1997(e)(e)); *Smith v. Moody*, No. 99-1427, 1999 WL 197228 at *1 (8th Cir. Mar. 26, 1999).

Plaintiff's claim for monetary damages is also barred by the Eleventh Amendment. The law is well-established that when a plaintiff does not specify in his complaint in which capacity a state official is being sued, it is assumed that he is suing that defendant

in his official capacity only. *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (when a complaint is silent about the capacity in which the defendants are being sued, the court will assume the complaint contains official-capacity claims only). In *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989), the court stated that plaintiffs should use the following language when they wish to sue state employees in both capacities: "Plaintiff sues each and all defendants in both their individual and official capacities." Plaintiff has failed to include any language in his complaint which indicates an intent to sue defendants in their individual capacities. Accordingly, plaintiff cannot sue defendants for monetary damages and his complaint is dismissable on this ground as well. 28 U.S.C. § 1915A(b)(2) (requiring court to dismiss complaint where complaint seeks monetary relief from a defendant who is immune from such relief).

**II. Filing Fee**

Plaintiff takes issue with the Court's authority to require plaintiff to pay the remainder of his filing fee after his complaint is dismissed. The plain language of the statute provides otherwise, however. The PLRA expressly states that prisoner "**shall** be required to pay the full amount of the filing fee." 28 U.S.C § 1915(b) (emphasis added). The Eighth Circuit has also confirmed that inmates remain liable for payment of the full filing fee even after their actions are dismissed. *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("Even if Tyler's petition is dismissed, Tyler will still be assessed the full filing fee because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).

**ORDER**

Based on the foregoing, the submission of the parties, and all of the files, records, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 8], and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 7].

**IT IS HEREBY ORDERED** that:

1. Plaintiff's complaint [Docket No. 1] is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b).

2. Plaintiff's application to proceed in forma pauperis [Docket No. 3] is **DENIED**.

3. Plaintiff is required to pay the unpaid balance of the Court filing fee as prescribed by 28 U.S.C. § 1915(b)(1).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: Sept. 25, 2002
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.